**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDY GRIFFITH,<br><br>        Petitioner,<br><br>    v.<br><br>DANIEL PARAMO, Warden,<br><br>        Respondent. | Case No. 1:14-cv-01561-LJO-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on October 6, 2014.

    I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears

1

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Background

Petitioner alleges that he is serving a sentence of forty years imposed in the Superior Court of the State of California, County of Tulare pursuant to his conviction on November 20, 1998, of multiple

counts of violating Cal. Pen. Code §§ 288(b) and 288.5. (Pet., doc. 1, 1.) Petitioner challenges his conviction, attacking the giving of jury instructions 250.1 and 250.01 at his trial.

However, the present petition is not the first petition filed with respect to the judgment pursuant to which Petitioner is detained. The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

Petitioner raised similar issues in this Court in a habeas petition in Andy Griffith v. George Giurbino, Warden, case number 1:01-cv-05735-HGB-HC, which was denied on the merits in an order dated April 25, 2002. (Doc. 24 at 3-8). Judgment was entered on April 29, 2002. (Doc. 25.) Petitioner's requests for a certificate of appealability from this Court and the Ninth Circuit Court of Appeals were denied. (Docs. 29 & 36.)

III.   Successive Petition

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999). Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground concerning the same judgment unless the petitioner can show that 1) the claim rests on a

1 new, retroactive, constitutional right or 2) the factual basis of
2 the claim was not previously discoverable through due diligence, and
3 the new facts establish by clear and convincing evidence that but
4 for the constitutional error, no reasonable factfinder would have
5 found the applicant guilty of the underlying offense. 28 U.S.C. §
6 2244(b)(2)(A)-(B).

7 However, it is not the district court that decides whether a
8 second or successive petition meets these requirements, which allow
9 a petitioner to file a second or successive petition. Section
10 2244(b))3)(A) provides, "Before a second or successive application
11 permitted by this section is filed in the district court, the
12 applicant shall move in the appropriate court of appeals for an
13 order authorizing the district court to consider the application."
14 In other words, a petitioner must obtain leave from the Ninth
15 Circuit before he or she can file a second or successive petition in
16 the district court. See, Felker v. Turpin, 518 U.S. 651, 656-57
17 (1996). This Court must dismiss any claim presented in a second or
18 successive habeas corpus application under section 2254 that was
19 presented in a prior application unless the Court of Appeals has
20 given Petitioner leave to file the petition. 28 U.S.C. §
21 2244(b)(1). This limitation has been characterized as
22 jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper
23 v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

24 A disposition is "on the merits" if the district court either
25 considered and rejected a claim, or determined that an underlying
26 claim would not be considered by a federal court. McNabb v. Yates,
27 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905
28 F.2d 1318, 1322 (9th Cir. 1990)).

Here, the first petition concerning the Tulare County judgment was denied on the merits. Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the convictions. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from the conviction under section 2254 and must dismiss the petition. See Felker v. Turpin, 518 U.S. at 656-57; Burton v. Stewart, 549 U.S. at 152; Cooper v. Calderon, 274 F.3d at 1274. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit.

### IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner

5

shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court should decline to issue a certificate of appealability.

V.   Recommendations

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED as successive; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close this action because the dismissal terminates the action in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, - F.3d -, -, no. 11-17911, 2014 WL 6435497, *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 10, 2014**         /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE